UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARM AND TRADE, INC., | No. 2:14-cv-00415-MCE-CMK |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| FARMTRADE, LLC, a North Carolina limited liability company, and DOES 1 through 25, inclusive, | |
| Defendants. | |

Plaintiff Farm and Trade, Inc. ("Plaintiff") brings this action against Defendant Farmtrade, LLC ("FarmTrade" or "Defendant"), seeking cancellation of Defendant's federal trademark registration, 15 U.S.C. §§ 1064, 1119, and relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Plaintiff also alleges claims for false designation of origin, 15 U.S.C. § 1125(a)(1)(A), and for violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210. Defendant filed a Motion to Dismiss ("Motion") for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Mot., March 18, 2014, ECF No. 7.

---
[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

Plaintiff filed a timely opposition.  Opp'n, April 3, 2014, ECF No. 10.  For the reasons set forth below, Defendant's Motion to Dismiss for Lack of Jurisdiction is GRANTED.[2]

## BACKGROUND[3]

Plaintiff incorporated in California in July 2004 and has been using the trade name and service mark "Farm and Trade" ("Mark") continuously in commerce at all times since.  Plaintiff's actual use of the Mark dates back to June 2003.  Since then, Plaintiff has used the Mark to identify its international crop brokerage services and related advisory/consulting services which pertain to commodity crop trading and exporting.  Rice is the primary crop for which Plaintiff offers these services, and thus Plaintiff acts as a buyer, broker, and consultant to rice growers in California and around the world.  In this capacity, Plaintiff publishes a monthly <u>Farm and Trade Report</u>, a well-known report in the rice and crop commodity industry; <u>The Rice Trader</u>, a weekly bulletin devoted to analyzing the rice market; and <u>Rice Today</u>, a quarterly publication devoted to rice research, trends, development, and other factual market forecast data.  These publications are widely regarded as preeminent rice market authorities, and Plaintiff is widely regarded as an international rice industry leader.

Plaintiff also sponsors international conferences featuring world-renowned rice industry leaders, decision makers, and research experts.  Additionally, through Plaintiff's affiliate ICI, Plaintiff offers a fully integrated media source connecting clients to all critical aspects of the rice industry, including research, analysis, conferences, and trading.  Plaintiff therefore states that it has actual and potential consumers of its services worldwide.  According to Plaintiff, "the 'Farm and Trade' Mark has become publicly associated exclusively with Plaintiff.  It has become so closely associated with Plaintiff

---

[2] Because oral argument would not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local R. 230(g).

[3] The following recitation of facts is taken, at times verbatim, from Plaintiff's Complaint.  Compl., Feb. 7, 2014, ECF No. 1.

that Plaintiff has developed appreciable goodwill and industry-wide name recognition, and thus established protectable common law trademark rights therein." Compl. at 4.

Defendant operates an online trading floor for agricultural chemicals. Defendant's website is XSAg.com, and is identified by the URL www.xsag.com. Defendant's website and online trading floor is highly interactive, and operates similar to well-known e-commerce sites such as eBay.com and Amazon.com. Defendant's online services are systematically marketed to California residents, and a significant number of Defendant's customers include California residents.

Plaintiff alleges that Defendant knew of Plaintiff's use of, and rights in, the Mark. Defendant filed its articles of organization in North Carolina on December 14, 2012, then under the name "FarmTrader, LLC." However, on February 7, 2013, Defendant changed its name to "FarmTrade, LLC" ("Accused Mark"). In May 2013, Defendant filed an application for Federal Registration of the Accused Mark. The United States Patent and Trademark Office (USPTO) issued a Notice of Allowance on December 10, 2013, assigning the Accused Mark serial number 85931184. Plaintiff did not discover Defendant's application for registration until mid-December 2013, when Plaintiff received an online announcement that Defendant would change its name from XSAg.com to FarmTrade. This announcement, and thus Plaintiff's notice, came after the USPTO had issued a Notice of Allowance and the time for filing an opposition to Defendant's application expired.

After learning of Defendant's intent to use the name FarmTrade, Plaintiff contacted Defendant by email on December 17, 2013, and formally demanded that Defendant cease and desist using the Accused Mark. Plaintiff informed Defendant that Plaintiff had already experienced multiple instances of customer confusion—that is, according to Plaintiff, "customers mistaking Defendant for Plaintiff or Plaintiff's affiliate." Compl. at 5. Defendant has done nothing to address Plaintiff's complaints, and has taken no action to remedy the "actual or probable" consumer confusion caused by Defendant's use of the Accused Mark.

# STANDARD

## A. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, either party may raise lack of subject matter jurisdiction at any point during the litigation through a motion to dismiss pursuant to Rule 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir.

1  2003). In the case of a facial attack, the motion to dismiss is granted only if the
2  nonmoving party fails to allege an element necessary for subject matter jurisdiction. Id.
3  However, in the case of a facial attack, district courts "may review evidence beyond the
4  complaint without converting the motion to dismiss into a motion for summary judgment."
5  Safe Air for Everyone, 373 F.3d at 1039.
6       In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's
7  allegations." Thornill, 594 F.2d at 733 (internal citation omitted). The party opposing the
8  motion has the burden of proving that subject matter jurisdiction does exist, and must
9  present any necessary evidence to satisfy this burden. St. Clair v. City of Chico,
10 880 F.2d 199, 201 (9th Cir. 1989). If the plaintiff's allegations of jurisdictional facts are
11 challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the
12 mere assertion that factual issues may exist. Trentacosta v. Frontier Pac. Aircraft Ind.,
13 Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche
14 Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)). Furthermore, the district court may
15 review any evidence necessary, including affidavits and testimony, in order to determine
16 whether subject matter jurisdiction exists. McCarthy v. United States, 850 F.2d 558, 560
17 (9th Cir. 1988); Thornhill, 594 F.2d at 733. If the nonmoving party fails to meet its
18 burden and the court determines that it lacks subject matter jurisdiction, the court must
19 dismiss the action. Fed. R. Civ. P. 12(h)(3).
20       **B.    Rule 12(b)(6)**
21       On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all
22 allegations of material fact must be accepted as true and construed in the light most
23 favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38
24 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim
25 showing that the pleader is entitled to relief" in order to "give the defendant fair notice of
26 what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly,
27 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A
28 complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual

allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

C.     **Leave to Amend**

A court granting a motion to dismiss a complaint under either Rule 12(b)(1) or 12(b)(6) must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182

1  (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003)

2  (listing the Foman factors as those to be considered when deciding whether to grant

3  leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration

4  of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD

5  Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave

6  to amend is proper only if it is clear that "the complaint could not be saved by any

7  amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007)

8  (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v.

9  Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where

10  the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A.   Lack of Jurisdiction

Plaintiff asserts claims arising under the laws of the United States—namely, the Lanham Act, 15 U.S.C. § 1051 et seq.  However, Defendant contends that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff's Mark is not protectable under the Lanham Act, and because Plaintiff has failed to plead a 'commercial use' of the mark.  Id.

As set forth above, "[a] federal court may dismiss a federal question claim for lack of subject matter jurisdiction 'only if (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purposes of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous.'"  Leeson, 671 F.3d at 975.  In short, while "jurisdictional dismissals in actions based on federal questions are 'exceptional,'" Leeson v. Transam. Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012), if a complaint fails to present a plausible assertion of a substantial federal right, a federal court does not have jurisdiction, see Bell v. Hood, 327 U.S. 678, 682-83; Enea Embedded Tech., Inc. v. Eneas Corp., 08-CV-1595-PHX-GMS, 2009 WL 648891 (D. Ariz. Mar. 11, 2009) (dismissing complaint for lack of subject matter

7

jurisdiction where plaintiff's complaint failed to allege use of mark in commerce); Banga v. Am. Express Cards, No. 2:06-cv-0880-GEB-GGH-PS, 2007 WL 474182, at *3 (E.D. Cal. Feb. 9, 2007) (dismissing complaint for lack of subject matter jurisdiction where plaintiff's federal claim was outside the scope of the Lanham Act because plaintiff failed to allege a deceptive commercial statement); Hancock Park Homeowners Ass'n Est.1948 v. Hancock Park Home Owners Ass'n, No. CV 06-4584 SVW, 2006 WL 4532986, at *2 (C.D. Cal. Sept.20, 2006) (dismissing complaint for lack of subject matter jurisdiction where plaintiff's alleged federal claim was outside the scope of the Lanham Act because plaintiff failed to plead a commercial use of plaintiff's trademark).

### 1.    Claims Arising Under the Laws of the United States

In this case, Plaintiff brings a claim for false designation of origin. Compl. at 5. To state a claim for relief under this section, a plaintiff must show that: 1) the terms or logos in question are valid and protectable trademarks; 2) the plaintiff owns these marks as trademarks; 3) the plaintiff used these marks in commerce; and 4) the defendants used false or misleading descriptions of fact or "terms or designs similar to plaintiff's marks without the consent of the plaintiff in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods." Dr. JKL Ltd. v. HPC IT Educ. Ctr., 749 F. Supp. 2d 1038, 1049 (N.D. Cal. 2010).

Here, the first issue is whether Plaintiff's Mark is actually a valid and protectable trademark. There are five categories of trademarks: (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; and (5) fanciful. Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc., 419 F.3d 925, 927 (9th Cir. 2005) (citation omitted). "[S]uggestive, arbitrary, or fanciful [terms] are automatically entitled to trademark protection because they are inherently distinctive." Platinum Home Mortgage Corp. v. Platinum Financial Group, Inc., 149 F.3d 722, 727 (7th Cir. 1998). "[T]his question—which category a name fits into—is at least in part a question of fact." Closed Loop Mktg., Inc. v. Closed Loop Mktg., LLC, 589 F. Supp. 2d 1211, 1217 (E.D. Cal. 2008) (quoting Yellow Cab. Co., 419 F.3d at 929).

"Descriptive marks 'define a particular characteristic of the product in a way that does not require any exercise of the imagination.'" Yellow Cab Co., 419 F.3d 925, 927 (9th Cir. 2005) (quoting Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 632 (9th Cir. 2005)).  Although "[m]arks which are merely descriptive of a product are not inherently distinctive," "[a] descriptive mark can receive trademark protection if it has acquired distinctiveness by establishing 'secondary meaning' in the marketplace." Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992).  "Generic marks give the general name of the product; they embrace an entire class of products." Yellow Cab, 419 F.3d at 927 (quoting Kendall–Jackson Winery, Ltd. v. E. & J. Gallo Winery, 150 F.3d 1042, 1047 n.8 (9th Cir. 1998)).  "Generic marks are not capable of receiving protection because they identify the product, rather than the product's source." Id. (quoting KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc., 408 F.3d 596, 602 (9th Cir. 2005)).

"When a plaintiff pursues a trademark action involving a properly registered mark, that mark is presumed valid, and the burden of proving that the mark is generic rests upon the defendant.  However, if the disputed term has not been federally registered, and the defendant asserts genericness as a defense, the burden shifts to the plaintiff to show that the mark is nongeneric." Yellow Cab Co., 419 F.3d at 927 (citing Filipino Yellow Pages v. Asian Journal Publs., Inc., 198 F.3d 1143, 1147 (9th Cir. 1999)).  Here, Plaintiff's Mark is not a registered mark, and Defendant asserts that the Mark is descriptive, in part because the USPTO determined that the name was not protectable when it rejected Plaintiff's application to register it as a trademark. Plaintiff contends that this rejection is not dispositive, because Plaintiff abandoned its application and thus the determination that the Mark is descriptive was not final.  The USPTO's "rejection has two consequences for this case.

///

///

///

9

1  First, plaintiff is not entitled to a presumption that the . . . mark . . . is protectable, and
2  second, the PTO's evaluation may serve as a persuasive authority indicating that the
3  mark is not protectable." Closed Loop Mktg., Inc., 589 F. Supp. 2d at 1217 (citing
4  Schwan's IP, LLC v. Kraft Pizza Company, 379 F. Supp. 2d 1016, 1021 (D. Minn.
5  2005)).

6      With this persuasive authority from the USPTO in mind, the Court proceeds with
7  its determination of whether the Mark is descriptive or generic.  The Ninth Circuit has
8  provided several articulations of the distinction between generic and descriptive marks.
9  One way of describing the distinction is that "[a] generic, or common descriptive, term
10 describes 'the genus of which the particular product is a species'; [while] a merely
11 descriptive mark 'describes the qualities or characteristics of a good or service.'"  Official
12 Airline Guides v. Goss, 6 F.3d 1385, 1398 (9th Cir. 1993) (Ferguson, J., concurring and
13 dissenting) (quoting Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 194
14 (1985)).  In Kendall–Jackson Winery v. E. & J. Gallo Winery, the Ninth Circuit held that a
15 generic term "simply state[s] what the product is."  150 F.3d 1042, 1047 n.8 (9th Cir.
16 1998).

17     Another way to draw the distinction between generic and descriptive marks is the
18 "who are you/what are you" test.  "A [protectable] mark answers the buyer's questions
19 'Who are you?' 'Where do you come from?' 'Who vouches for you?' But the generic
20 name of the product answers the question 'What are you?'"  Yellow Cab Co., 419 F.3d at
21 929-30 (citations omitted).  Applying this test in Filipino Yellow Pages, the Ninth Circuit
22 concluded that the name "'Filipino yellow pages' answered the 'what are you?' question,
23 and was thus a generic term . . . . [I]f asked, 'What are you?' . . . three competing
24 companies could all answer 'a Filipino yellow pages.'" Id. (internal citations omitted).
25 Conversely, Yellow Cab Co., the Court found that the term "yellow cab" is non-generic,
26 because

27         If one asks "What are you?" to companies called, for
        example, Checker Cab Co. or City Cab Co., one would
28         expect the response "a taxicab company" or "a cab

> company." Posing the question: "Could you refer me to a yellow cab company?", one would expect these same companies to point not to themselves, but to a business operating under the name "Yellow Cab."

Id.

Applying this test, the Court finds that Plaintiff's mark is descriptive. "Farm and Trade" does not answer the question "what are you?" Rather, it answers the question "who are you?" The "Farm and Trade" mark does not simply state what Plaintiff's product or service is, and is therefore descriptive rather than generic.

As a descriptive mark, Plaintiff's Mark may receive trademark protection so long as it has "secondary meaning in the marketplace." Two Pesos, Inc., 505 U.S. at 768. "Secondary meaning" is a mental recognition in buyers' and potential buyers' minds that products connected with the symbol or device originate from or are associated with the same source. Levi Strauss & Co. v. Blue Bell, Inc., 632 F.2d 817 (9th Cir. 1980). Generally, secondary meaning is proven through evidence related to the amount and manner of advertising of the mark, sales volume, consumer testimony, whether use of the mark was exclusive, and consumer surveys. Fin. Exp. LLC v. Nowcom Corp., 564 F. Supp. 2d 1160, 1170 (C.D. Cal. 2008).

In this case, Plaintiff alleges nothing to show that its Mark has obtained a secondary meaning. Plaintiff states only that "the 'Farm and Trade' Mark has become publicly associated exclusively with Plaintiff. It has become so closely associated with Plaintiff that Plaintiff has developed appreciable goodwill and industry-wide name recognition, and thus established protectable common law trademark rights therein." This formulaic recitation is not sufficient to show that "Farm and Trade" has secondary meaning in the marketplace. Plaintiff's Complaint does not include any allegations showing that there is a mental recognition in the minds of consumers, or potential consumers, that Plaintiff's services and products are connected with Plaintiff's Mark and come from the same source. Thus, Plaintiff fails to show its Mark is entitled to protection under the Lanham Act.

Plaintiff's second cause of action is for cancellation of registered mark, pursuant to 15 U.S.C. §§ 1064 and 1119. Plaintiff states that "Defendant claims ownership of the registration of the Accused Mark. The registration, however, should be cancelled . . . because it was improperly allowed despite Plaintiff's superior common law rights in the Mark, which are presently harmed by the registration and subject to continuing harm in the absence of cancellation." Compl. at 6. However, the Accused Mark is not yet registered—Defendant has attached evidence showing that Defendant has applied for registration, and has received a Notice of Allowance, but must complete additional steps before Defendant's Mark is registered with the USPTO.

"Registration is central to the statutory scheme and the court's ability to cancel or otherwise affect a service mark. 15 U.S.C. § 1064 allows the filing of '[a] petition to cancel a registration of a mark . . . within five years of the date of the registration of the mark or at other specified times.'" Whitney Info. Network, Inc. v. Gagnon, 353 F. Supp. 2d 1208, 1211 (M.D. Fla. 2005).

Federal courts are given the power to cancel registered marks by 15 U.S.C. § 1119. That section provides:

> In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Commissioner, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby.

15 U.S.C. § 1119. Thus, a registered mark must exist before an action "involv[es] a registered mark." Id. A mark does not become registered until the USPTO registers it. Whitney Info. Network, 353 F. Supp. 2d at 1211; see also 15 U.S.C. § 1127 ("The term 'registered mark' means a mark registered in the United States Patent and Trademark Office under this chapter.").

///

///

Thus, to state a claim under these statutory provisions, Defendant must hold a registered trademark with the USPTO. The existence of a pending application is not sufficient. Plaintiff therefore fails to state a successful claim for cancellation of a registered mark.

Because neither of Plaintiff's claims which purport to present a case or controversy arising under the laws of the United States is, at this point, a meritorious claim, the Court lacks subject matter jurisdiction over this case.

### 2.  Declaratory Judgment Act

Plaintiff's third claim is for relief under the Declaratory Judgment Act. The Declaratory Judgment Act confers authority on any court of the United States to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). However, it requires the party seeking declaratory relief to establish "a case of actual controversy" within the court's jurisdiction. Id. The Declaratory Judgment Act is not an independent basis for subject-matter jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950). Rather, the party seeking declaratory judgment must establish that the court has jurisdiction from some other source. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937).

Because neither of Plaintiff's claims arising under the laws of the United States survive, the Court does not have jurisdiction over Plaintiff's request for a declaratory judgment. As such, this claim is dismissed.

### 3.  Supplemental Jurisdiction

Plaintiff's final claim alleges violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210. A district court, within its discretion, may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it once had original jurisdiction. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 725–26 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). Here, because Plaintiff has not

1  successfully brought a claim over which the Court has original jurisdiction, the Court
2  declines to exercise supplemental jurisdiction over this remaining claim.  Plaintiff's fourth
3  claim is therefore dismissed.

**CONCLUSION**

For the reasons just stated, Defendant's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED. ECF No. 8.  Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted is DENIED AS MOOT.

Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may file an amended complaint.  If no amended complaint is filed within said twenty (20) day period, without further notice to the parties, the causes of action dismissed by virtue of this Memorandum and Order will be dismissed with prejudice.

IT IS SO ORDERED.

Dated:  April 23, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT