UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARM AND TRADE, INC., | No. 2:14-cv-00415-MCE-CMK |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| FARMTRADE, LLC, a North Carolina limited liability company, and DOES 1 through 25, inclusive, | |
| Defendants. | |

Plaintiff Farm and Trade, Inc. ("Plaintiff") has filed a First Amended Complaint ("FAC") against Defendant Farmtrade, LLC ("Defendant") alleging claims for false designation of origin, 15 U.S.C. § 1125(a)(1)(A), and violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ECF No. 15. Plaintiff also seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). See id. Presently before the Court is Defendant's Motion to Dismiss ("Motion") for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] ECF No. 18.

---
[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

For the reasons set forth below, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is DENIED; however, Defendant's Motion to Dismiss for failure to state a claim is GRANTED WITH LEAVE TO AMEND.[2]

## BACKGROUND[3]

### A. Plaintiff

Plaintiff has been using the trade name and service mark "Farm and Trade" ("Mark") in commerce since June 2003, and has used the Mark continuously in commerce since Plaintiff's incorporation in July 2004.  Since July 2004, Plaintiff has exclusively used the Mark to identify its international crop brokerage services and related advisory/consulting services pertaining to commodity crop (primarily rice) trading and exporting.  Plaintiff acts as a buyer, broker, and consultant to rice growers in California and around the world.

According to Plaintiff, the Mark has become publicly associated exclusively with Plaintiff and has become so closely associated with Plaintiff that Plaintiff has developed appreciable goodwill and industry-wide name recognition, and thus established protectable common law trademark rights therein.

Plaintiff is also well known in the rice and commodity trading industry generally. For example, Plaintiff's October 2013 acquisition of California Rice Exchange was much publicized in the commodity industry.  Moreover, Plaintiff is very active and involved in the rice and food commodity industries and is an active participant in state and federal commissions.

Specifically, Plaintiff publishes a monthly <u>Farm and Trade Report</u>, which has a circulation of over 1500 electronic and 500 paper copies.  With redistribution tendencies,

---

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  <u>See</u> E.D. Cal. Local R. 230(g); ECF No. 24.

[3] The following recitation of facts is taken, at times verbatim, from Plaintiff's FAC.  ECF No. 15.

the report is seen by over 5,000 readers in California and several hundred in other parts of the country.  Plaintiff also publishes <u>The Rice Trader</u>, a weekly market analysis bulletin devoted to rice, and until recently published <u>Rice Today</u>, which was sent by direct mail to 35,000 readers.  Plaintiff's rice market publications are widely respected as authoritative in its field, and Plaintiff is widely considered to be an international rice industry leader.  Moreover, accordingly to Plaintiff, its publications, among other things, have created mental recognition in the minds of consumers and substantial consumer awareness of Plaintiff's services, such that Plaintiff is widely recognized as the exclusive purveyor of goods under the Mark.

Additionally, Plaintiff sponsors and hosts national and international conferences that feature world-renowned rice industry leaders, decision makers, and research experts.  Additionally, through its affiliate ICI, Plaintiff offers a fully integrated media source connecting clients to all critical aspects of the rice industry, including research, analysis, conferences, and trading.

Plaintiff has actual and potential consumers of its services worldwide, and has achieved a strong degree of consumer recognition through these efforts.  Plaintiff's annual gross revenues have averaged approximately $5 million over the past five years and are projected to reach $100 million this year.  These revenues reflect, in part, Plaintiff's goodwill and name recognition in the Mark.

Since its inception, Plaintiff has spent well over $1 million advertising and marketing the Mark in the form of ad placements, online promotions, printed and digital publications, personal meetings with growers and industry conferences.  As a further part of its commitment of funds and resources to promoting and controlling use of the Mark, Plaintiff owns and controls a host of internet domain names, many of which are used to enhance search engine optimization associated with online searches related to the Mark, including but not limited to "FARMANDTRADE.COM," "FARMANDTRADE.BIZ," "FARMANDTRADE.INFO," "FARMANDTRADE.NET," "FARMANDTRADE.ORG," and "FARMANDTRADE.US."

### B. Defendant and the Dispute

Defendant currently operates an online trading floor for agricultural chemicals at XSAg.com, which is identified by the URL www.xsag.com and derivations thereof. Defendant promotes XSAg.com as "A Farmtrade™ Company." Defendant filed its articles of organization in North Carolina on December 14, 2012, then under the name FarmTrader, LLC. On February 7, 2013, Defendant changed its name to "FarmTrade, LLC" ("Accused Mark"). In May 2013, Defendant filed an application for federal registration of the Accused Mark. In support of its application for registration, Defendant represented to the United States Patent and Trademark Office ("USPTO") its intent to use the Accused Mark in commerce, and, by public press releases and online announcements, Defendant has and is using the mark in commerce in an attempt to build consumer name recognition in the Accused Mark, which Plaintiff alleges is infringing on Plaintiff's rights in the Mark by causing potential and actual confusion among consumers.

On December 10, 2013, the USPTO issued a Notice of Allowance assigning the Accused Mark serial number 85931184. Plaintiff did not discover Defendant's application for registration until after the Notice of Allowance was issued, when Plaintiff received an online announcement that Defendant would change the name of its website from "XSAg.com" to "Farmtrade."

After learning of Defendant's intent to use the name, Plaintiff contacted Defendant by e-mail on December 17, 2013, and formally demanded that Defendant cease and desist using the Accused Mark. Plaintiff informed Defendant that Plaintiff had already experienced multiple instances of customer confusion—that is, according to Plaintiff, "customers mistaking Defendant for Plaintiff or Plaintiff's affiliate." ECF No. 15 ¶ 27. Plaintiff alleges that Defendant has done nothing to address Plaintiff's complaints and has taken no action to remedy the actual or probable consumer confusion caused by Defendant's use of the Accused Mark.

///

## STANDARD

### A. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, either party may raise lack of subject matter jurisdiction at any point during the litigation through a motion to dismiss pursuant to Rule 12(b)(1). Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.1 (9th Cir. 2003).

In the case of a factual attack, on the other hand, "no presumptive truthfulness attaches to plaintiff's allegations." Thornhill, 594 F.2d at 733 (internal citation omitted). If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues

1  may exist.  Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir.
2  1987).  Furthermore, in considering a factual attack the district court may review any
3  evidence, including affidavits and testimony, necessary to determine whether subject
4  matter jurisdiction exists.  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988);
5  Thornhill, 594 F.2d at 733.  If the nonmoving party fails to meet its burden and the court
6  determines that it lacks subject matter jurisdiction, the court must dismiss the action.
7  Fed. R. Civ. P. 12(h)(3).

8       However, a jurisdictional dismissal "is inappropriate when the jurisdictional issue
9  and substantive issues are so intertwined that the question of jurisdiction is dependent
10 on the resolution of factual issues going to the merits of an action."  Safe Air, 373 F.3d at
11 1039 (internal quotation marks and citations omitted).  "The question of jurisdiction and
12 the merits of an action are intertwined where a statute provides the basis for both the
13 subject matter jurisdiction of the federal court and the plaintiff's substantive claim for
14 relief."  Id. at 1039-40 (internal quotation marks and citations omitted).

15      Moreover, the nonexistence of a cause of action is no basis for a jurisdictional
16 dismissal.  See La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V., 762 F.3d 867, 873
17 (9th Cir. 2014) (citations omitted).  Indeed, "a federal court may dismiss a federal
18 question claim for lack of subject matter jurisdiction only if:  (1) the alleged claim under
19 the Constitution or federal statutes clearly appears to be immaterial and made solely for
20 the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and
21 frivolous."  Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir.
22 2012) (internal quotation marks omitted).

23 **B.  Rule 12(b)(6)**

24      On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all
25 allegations of material fact must be accepted as true and construed in the light most
26 favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38
27 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim
28 showing that the pleader is entitled to relief," in order to "give the defendant fair notice of

6

what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations; however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks and citations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal quotation marks and citation omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### C. Leave to Amend

A court granting a motion to dismiss a complaint must decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party

1  by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v.
2  Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048,
3  1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding
4  whether to grant leave to amend).  However, not all of these factors merit equal weight.
5  Eminence Capital, 316 F.3d at 1052.  Rather, "the consideration of prejudice to the
6  opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v.
7  Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is
8  proper only if it is clear that "the complaint could not be saved by any amendment."
9  Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (quoting
10 In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005).

## ANALYSIS

### A.  Lack of Jurisdiction

"Federal jurisdiction over trademark claims is granted by the Lanham Act, 15 U.S.C. § 1121(a), which confers broad jurisdictional powers upon the courts of the United States in conjunction with 28 U.S.C. § 1331."  La Quinta, 762 F.3d at 872-73 (internal quotation marks and citations omitted).  Indeed, "[t]he Lanham Act grants federal subject-matter jurisdiction over 'all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties.'"  Id. (quoting 15 U.S.C. § 1121(a)).

Thus, Plaintiff's false designation of origin claim under the Lanham Act, as pled, arises under the laws of the United States.  Defendant contends, however, that the FAC should be dismissed for lack of subject matter jurisdiction because (1) Plaintiff's mark is not protectable under the Lanham Act; (2) Plaintiff has failed to plead facts showing Defendant used its mark in commerce; and (3) Plaintiff has failed to plead facts to establish a likelihood of confusion between the marks.  ECF No. 18.  The Court disagrees.

First, because Defendant has not provided evidence, such as affidavits or testimony, to attack the allegations in the FAC, the Court must accept as true all allegations therein.  Taking all of the FAC's allegations as true, Plaintiff has in fact adequately alleged a Lanham Act claim conferring jurisdiction on the Court.

Moreover, contrary to Defendant's primary argument, the nonexistence of a cause of action is no basis for a jurisdictional dismissal.  See La Quinta, 762 F.3d at 873.  In La Quinta, the plaintiff filed a Lanham Act claim and following a bench trial the district court granted plaintiff a permanent injunction.  Id. at 872.  On appeal, the defendant argued that the Ninth Circuit, and by extension the district court, lacked subject matter jurisdiction because its actions were not sufficient to meet the "use in commerce" element under the Lanham Act.  Id.  Consistent with the Supreme Court's admonition that jurisdictional requirements must be distinguished from those required to establish a cause of action, see Bell v. Hood, 327 U.S. 678 (1946), the Ninth Circuit held that the "use in commerce" element of Lanham Act claims is not a jurisdictional requirement and accordingly the court had subject matter jurisdiction.  La Quinta, 762 F.3d at 872.

Here, Defendant similarly argues that Plaintiff has failed to plead facts to establish use of the Accused Mark in commerce and thus the Court lacks subject matter jurisdiction.  Based on the holding of La Quinta, Defendant's argument fails.  Defendant also argues that Plaintiff (1) failed to plead facts showing a likelihood of confusion between the Mark and Accused Mark and (2) that Plaintiff's Mark is not protectable under the Lanham Act.  However, these alleged deficiencies too are based on elements of a Lanham Act claim. Under the rationale of La Quinta the Court sees no basis on which to differentiate those elements from the "use in commerce" element the Ninth Circuit found not to be a jurisdictional requirement.  In addition, Plaintiff's Lanham Act claim is just the type of claim described in Safe Air in which the question of jurisdiction and the merits are so intertwined that a jurisdictional dismissal would be inappropriate.  373 F.3d at 1039.  Accordingly, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is DENIED and the Court will proceed to analyze Defendant's 12(b)(6)

Motion.

### B. Failure to State a Claim

Defendant argues that Plaintiff has failed to allege sufficient facts to demonstrate (1) that Plaintiff's Mark has achieved a secondary meaning, (2) that Defendant has used the Accused Mark in commerce, and (3) a likelihood of confusion.

#### 1. Secondary Meaning

The Court finds that the addition of numerous factual allegations in the FAC, including the exclusivity of Plaintiff's use of its Mark and the $1 million Plaintiff has expended marketing the Mark, in conjunction with the length of use and visibility of Plaintiff in the marketplace, has cured the initial complaint's deficiency and thus Plaintiff has sufficiently alleged secondary meaning. See Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc., 419 F.3d 925, 930 (9th Cir. 2005) (factors to consider are whether actual purchasers of the product bearing the claimed trademark associate the trademark with the producer, the degree and manner of advertising under the claimed trademark, the length and manner of use of the claimed trademark, and whether use of the claimed trademark has been exclusive).

#### 2. Use of the Accused Mark in Commerce

Two elements must be satisfied in order to meet the "use in commerce" element: a mark must be used or displayed in the sale or advertising of services and the services must be rendered in commerce. Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1204 (9th Cir. 2012). In determining whether these two prongs are satisfied, courts generally follow a totality of the circumstances approach that turns on adoption and use in a way sufficiently public to identify or distinguish the mark in an appropriate segment of the public mind. Id. at 1205. Under this approach, the Court finds that Plaintiff has adequately pled that Defendant has used the Accused Mark in commerce by advertising its XSAg.com online trading floor, which is Defendant's primary offering of services, which it intends to rename FarmTrade, as "A Farmtrade™ Company.

///

### 3. Likelihood of Confusion

Finally, Defendant argues that Plaintiff has failed to allege adequate facts to establish a likelihood of confusion. The Court agrees. Although Plaintiff alleges in conclusory fashion that it has "experienced multiple instances of customer confusion— i.e., customers mistaking Defendant for Plaintiff or Plaintiff's affiliate" and that it notified Defendant of such confusion, ECF No. 15 ¶ 27, Plaintiff has failed to allege any specific facts to establish a likelihood of confusion. See Twombly, 550 U.S. at 555. Accordingly, Defendant's Motion to Dismiss for failure to state a claim is GRANTED. However, because if given leave to amend it is possible for Plaintiff to include more detailed factual allegations surrounding alleged instances of confusion, Plaintiff will be permitted to file an additional amended complaint.

### 4. Declaratory Judgment Act

Plaintiff's second claim is for relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). The Declaratory Judgment Act confers authority on any court of the United States to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Id. However, it requires the party seeking declaratory relief to establish "a case of actual controversy" within the court's jurisdiction. Id. Indeed, the Declaratory Judgment Act does not by itself confer federal subject matter jurisdiction, and accordingly a plaintiff must also adequately plead an independent basis for federal jurisdiction. Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161 (9th Cir. 2005).

Because Plaintiff's claim arising under the laws of the United States does not survive as pled, the Court does not have jurisdiction over Plaintiff's request for a declaratory judgment. Accordingly, this claim is also DISMISSED.

### 5. Supplemental Jurisdiction

Plaintiff's final claim alleges violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210. A district court, within its discretion, may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it once had

original jurisdiction.  See 28 U.S.C. § 1367(c)(3).  Here, because Plaintiff has yet to adequately allege a claim over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over this additional state law claim at present.  Accordingly, that claim is DISMISSED.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 18, is DENIED IN PART and GRANTED IN PART.  Specifically, the Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is DENIED, and the Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED WITH LEAVE TO AMEND.

Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may file an amended complaint.  If no amended complaint is filed within said twenty (20) day period, without further notice to the parties, the causes of action dismissed by virtue of this Memorandum and Order will be dismissed with prejudice.

IT IS SO ORDERED.

Dated:  November 20, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT